[No. F033421. Fifth Dist. Aug. 30, 2000.]

MARY WELCH, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA et al., Defendants and Respondents.

## COUNSEL

Damrell, Nelson, Schrimp, Pallios & Ladine, Duane L. Nelson and Lisa W. Chao for Plaintiff and Appellant.

William M. McMillan; Brelend C. Gowan; and William R. Morrisroe for Defendants and Respondents State of California and California Department of Transportation.

Bill Lockyer, Attorney General, Pamela Smith-Steward, Chief Assistant Attorney General, Margaret A. Rodda, Assistant Attorney General,

Darryl L. Doke and William A. Krabbenhoft, Deputy Attorneys General, for Defendants and Respondents California Highway Patrol and California Conservation Corps.

## OPINION

LEVY, J.—This appeal concerns whether plaintiff and appellant, Mary Welch, has standing as a putative spouse to prosecute a wrongful death action against defendants and respondents, the State of California and the California Department of Transportation. Appellant alleged she qualified as a putative spouse because she believed, in good faith, that she and the decedent were validly married. However, the trial court found that this subjective belief was objectively unreasonable. Consequently, summary adjudication was granted in respondents' favor on the ground that appellant was not a putative spouse.

Appellant argues that the determination of whether she believed, in good faith, that she was validly married is dependent on certain triable issues of material fact. However, the trial court correctly evaluated this case. The undisputed facts would not cause a reasonable person in appellant's position to harbor such a belief.

### STATEMENT OF THE CASE AND FACTS

Leonard Welch was killed when a large tree growing along State Route 99 fell onto the highway and hit Welch's pickup truck. Appellant thereafter filed a complaint for wrongful death alleging she was entitled to maintain the action as Leonard Welch's surviving spouse and sole surviving heir.

However, appellant and Leonard Welch never complied with the requirements for a valid marriage under California law. Although they lived together for almost 30 years and conducted themselves as if married, appellant and Leonard Welch neither acquired a marriage license nor engaged in a solemnization ceremony. Rather, they exchanged personal wedding vows "wherein they stated that they loved each other and that they were going to spend the rest of their lives together."

By the time appellant began living with Leonard Welch in 1968, she had been legally married and divorced twice. Nevertheless, appellant stated she did not think that a marriage license and formal ceremony were necessary to be legally married in California. Appellant noted with respect to her two previous marriages "that paper [marriage license] didn't make it any better."

Consequently, appellant "didn't feel that the paper would mean any more or less." Rather, appellant believed that she and Leonard Welch were validly married because of their expressed and demonstrated commitment to each other.

Respondents moved for summary adjudication of issues on the ground that appellant did not have standing to sue for the wrongful death of Leonard Welch. Respondents argued that appellant was not a surviving spouse, putative spouse or sole surviving heir as required by Code of Civil Procedure section 377.60.

The trial court granted the motion. The court ruled that appellant's declaration and certain judicially noticed public records showed there were "no[] triable disputes of material fact." The court then determined that "[w]hatever belief plaintiff Mary Welch had" did not meet the objectively reasonable standard required by Code of Civil Procedure section 377.60. Therefore, appellant was not the decedent's putative spouse.

Appellant argues the facts sufficiently demonstrate that her belief in the validity of her marriage was in good faith. Appellant claims she did not think it was necessary to have a marriage license or a formal wedding ceremony. In other words, she believed a common law marriage was valid. According to appellant, this subjective belief in conjunction with the outward appearance of a marriage gives rise to a triable issue of fact regarding her good faith.

## DISCUSSION

*Appellant does not have standing to assert the wrongful death claim.*

The class of persons who may assert a wrongful death cause of action is limited to the decedent's heirs. (Code Civ. Proc., § 377.60, subd. (a).) However, an heir under this section includes a putative spouse who was dependent on the decedent. (Code Civ. Proc., § 377.60, subd. (b).) As used in subdivision (b), " 'putative spouse' means the surviving spouse of a void or voidable marriage who is found by the court to have believed in good faith that the marriage to the decedent was valid."

Appellant does not claim she was a party to a void or voidable marriage, i.e., an incestuous, bigamous or polygamous marriage or a marriage where one party was incapable of giving legal consent. (Fam. Code, §§ 2200, 2201 & 2210.) Rather, appellant contends that her good faith belief in the validity of the alleged marriage rendered her a putative spouse.

Putative spouse status may be based on the reasonable expectations of the parties to an alleged marriage entered into in good faith even though the marriage is neither void nor voidable. (*In re Marriage of Vryonis* (1988) 202 Cal.App.3d 712, 718 [248 Cal.Rptr. 807].) However, a *subjective* good faith belief in a valid marriage by itself, even when held by a credible and sympathetic party, is not sufficient. (*Id.* at p. 720.) A determination of good faith is tested by an objective standard. (*Ibid.*) Therefore, a proper assertion of putative spouse status must rest on facts that would cause a reasonable person to harbor a good faith belief in the existence of a *lawful* California marriage. (*Id.* at p. 721; *Centinela Hospital Medical Center v. Superior Court* (1989) 215 Cal.App.3d 971, 975 [263 Cal.Rptr. 672].)

 In California, a lawful marriage requires the consent of a man and a woman to a personal relationship arising out of a civil contract. However, consent alone does not constitute marriage. A license must be issued and the marriage must be solemnized in accordance with the applicable statutes. (Fam. Code, § 300.)

 Here, it is undisputed that appellant and Leonard Welch made no attempt to either procure a marriage license or formally solemnize their union. Nevertheless, relying on *Wagner v. County of Imperial* (1983) 145 Cal.App.3d 980 [193 Cal.Rptr. 820], appellant asserts that participation in a solemnization ceremony was not necessary to establish her as a putative spouse. According to appellant she only needs to prove that she believed in good faith that her common law marriage was valid.

In *Wagner v. County of Imperial, supra,* 145 Cal.App.3d 980 the court was faced with a seemingly inconsistent trial court ruling. The trial court found that the plaintiff met all of the elements of Code of Civil Procedure section 377.60, subdivision (b)'s definition of putative spouse. Nevertheless, the trial court ruled that the plaintiff could not recover for the wrongful death of her common law husband solely because no actual solemnization ceremony occurred. The *Wagner* court reversed on the ground that the trial court's legal conclusion was contrary to its express finding of good faith. The court noted that "although the usual putative marriage situation may arise under circumstances where a marriage is duly solemnized and celebrated in good faith but suffers from a legal infirmity, lack of a solemnization ceremony does not necessarily mean bad faith precluding finding a putative marriage." (145 Cal.App.3d at p. 983.)

Similarly, the court in *In re Marriage of Vryonis, supra,* 202 Cal.App.3d 712, observed that solemnization is not an absolute prerequisite to establishing a putative marriage. (*Id.* at p. 721.) However, the court also noted that

putative spouse status must rest on facts that would ·cause a reasonable person to harbor a good faith belief in the existence of a valid marriage. "Without some diligent attempt to meet the requisites of a valid marriage [citation], a claim of good faith belief in a valid marriage would lack any reasonable basis." (*Ibid.*)

Here, appellant and Leonard Welch conducted themselves as husband and wife for many years. They shared the benefits of their incomes and the burdens of their debts, filed joint tax returns as husband and wife, and held property as husband and wife. Nevertheless, a reasonable person in appellant's position would not have believed that she was lawfully married.

Appellant and Leonard Welch made no attempt whatsoever to comply with the procedural requirements for a lawful California marriage. Appellant, having been legally married and divorced twice, must have been aware of these requirements. Further, appellant's claim that their common law vows established a valid marriage is unreasonable as a matter of law because California abolished common law marriage in 1895. (*Centinela Hospital Medical Center v. Superior Court, supra,* 215 Cal.App.3d at p. 975.)

Applying an objective standard, it must be concluded that appellant was not a putative spouse. There is no reasonable basis for appellant's belief that a valid marriage existed. Appellant's subjective belief that she was married, even if honestly held, does not constitute good faith. Therefore, the trial court properly found that appellant did not have standing to prosecute the wrongful death action.

DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to respondents.

Ardaiz, P. J., and Buckley, J., concurred.